UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZERO BARNEGAT BAY, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>LEXINGTON INSURANCE COMPANY,<br><br>*Defendant.* | Civil Action Nos:<br>14-cv-1716 (PGS) (DEA)<br><br>**MEMORANDUM AND ORDER** |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on a motion for reconsideration (ECF No. 57) brought by Plaintiff Zero Barnegat Bay, LLC (hereinafter "Plaintiff") in reference to this Court's ruling on Defendant Lexington Insurance Company's motion for summary judgment issued on March 18, 2018. (ECF No. 56). Specifically, Plaintiff seeks the Court's reconsideration of the ruling, which, based on Plaintiff's expert, found that damages to the pool, boardwalk, and transformer were caused by first wind, and then flood. Accordingly, the Court determined that an anti-concurrent clause of the insurance contract barred recovery for those damages.

The facts relevant to this matter have been set forth in the Court's previous opinion and will not be repeated.

I

Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and L. Civ. R. 7.1(i). The "extraordinary remedy" of reconsideration is "to be granted sparingly." *A.K. Stamping Co., Inc., v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000) (quoting *NL Indus., Inc., v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996)).

1

The Rule "does not contemplate a Court looking to matters which were not originally presented." *Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 634 (D.N.J. 1996) (quoting *Florham Park Chevron, Inc., v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1988)).

The Third Circuit has held that the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotincki*, 779 F.2d 906, 909 (3d Cir. 1985). "Reconsideration motions, however, may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *NL Indus., Inc.*, 935 F. Supp. at 516. Such motions will only be granted where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (internal quotation marks and citations omitted). Because reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted "sparingly," *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986); and only when "dispositive factual matters or controlling decisions of law" were brought to the Court's attention but not considered. *Pelham v. United States*, 661 F. Supp. 1063, 1065 (D.N.J. 1987). "There is a strong policy against entertaining reconsideration motions based on evidence that was readily available at the time that the original motion was heard; and so the court may, in its discretion, refuse to consider such evidence." *Damiano*, 975 F. Supp. at 634 (citations omitted).

II

Plaintiff argues that this Court failed to review the deposition transcript of its expert Todd Heacock. By way of background, Plaintiff submitted the expert report of Heacock, regarding the "condition and circumstances that may have led to the . . . damage to an in-ground pool, the timber

framed promenade adjacent to the marine bulkhead (hereinafter "the boardwalk"), and the transformer located near the eastern side of the island." (Heacock Report, ECF No. 39-9, at 1). Regarding damage to the boardwalk, Heacock opined that "at many locations along the bulkhead, nails or the remnants of nails were observed to be pried up and, in many cases, bent over. The tides during the storm event did extend above the top of the bulkhead and boardwalk. However, high winds occurred prior to the rise in the water level." (*Id.* at 3). Heacock explained, "[o]nce lifted, direct wind pressure would cause the nails at the bulkhead to bend and fail. Later, when the water levels rose, the tide would have carried the remains of the boardwalk away." (*Id.*).

Regarding the electrical transformer, Heacock opined that the wind "caused the transformer to slide off its base" and that "[t]he connection of the power wires below the transforme[r] prevented the upper section of the transformer from being carried away by the wind, or by the effects of flood that occurred after the high wind." (*Id.*). Finally, regarding the pool, Heacock explained that "due to movement caused by wind and later by flood water the pool is severely damaged . . . ." (*Id.* at 4). Heacock concluded, "[t]he effects of wind and rising water caused significant disturbance at the residential property on Middle Sledge Island . . . [i]t is evident from our analysis that wind likely caused significant damage to these items. Additional damage may have occurred due to flood after the severe wind event." (*Id.*).

In its prior opposition to Defendant's motion for summary judgment, Plaintiff failed to address Defendant's argument that damages to the boardwalk, pool, and transformer were barred by the policy's anti-concurrent clause. (*See generally* Pl. Opp., ECF No. 43). However, Plaintiff now argues this Court failed to review certain portions of Heacock's deposition, which Plaintiff argues is where Heacock sets forth his opinion that the boardwalk, pool, and transformer sustained wind damage, and no water damage. (Pl. br., ECF No. 57-1, at 1-2). In its briefing on the present

3

motion for reconsideration, Plaintiff quotes six excerpts of Heacock's deposition transcript. (*Id.* at 7-11). These deposition excerpts were either completely omitted from the exhibits that were attached to the parties' summary judgment briefs, or were partially omitted in the prior submissions. (*See* ECF No. 39-10, Excerpts of Dep. Of Heacock; *see also* ECF No. 43, Plaintiff's Opp. To Summary Judgment and Supporting Documents). Moreover, Plaintiff has not attached these excerpts as exhibits to its present motion for reconsideration. (*See* ECF No. 57). As such, the Court is unable to confirm the veracity of the Plaintiff's quoted portions of Heacock's deposition included in Plaintiff's present brief on its motion for reconsideration. For this reason, the Court, in its discretion, declines to consider this evidence because it was readily available at the time the motion was heard, but never submitted to the Court. *See Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1988) (denying motion for reconsideration based on previously available evidence because "[a]ny . . . exhibits in possession of the parties at that time relevant to the motion for summary judgment should have been advanced then.").

Further, even if this Court were to review and consider the quoted portions of Heacock's deposition, the Court sees no reason to change its prior opinion. The quoted portions, where they conflict with Heacock's expert report, are inadmissible net opinions. The net opinion rule renders "an expert's bare conclusions, unsupported by factual evidence" inadmissible. *May v. Atlantic City Hilton*, 128 F. Supp. 2d 195, 198 (D.N.J. 2000). "The rule frequently focuses on the failure of the expert to explain a causal connection between the act complained of and the injury allegedly resulting therefrom." *Id.*; *see also Zeller v. J.C. Penney Co.*, No. 05-2546, 2008 U.S. Dist. LEXIS, at *22 n.13 (D.N.J. Mar. 31, 2008) ("[T]he net opinion rule is merely a restatement of the well-settled principle that an expert's bare conclusions are not admissible under Rule 702 of the Federal Rules of Evidence.").

In the newly revealed deposition testimony, Heacock asserts: that the wind solely contributed to the damage to the boardwalk, though the flood water may have carried some of the boardwalk away; that he did not observe any water damage to the transformer; and that the initial damage to the pool was from the wind, but flood may have dislodged the pool. (*See* Pl. br. 8-11). Heacock offers no support for the bare conclusions reached in his deposition testimony. Further, these conclusions are not supported by his expert report previously submitted to this Court. (*See, e.g.,* Heacock Report, ECF No. 39-9). Accordingly, to the extent the Court considers the deposition excerpts of Heacock that were not previously submitted in the prior motion for summary judgment, the Court determines that these are inadmissible net opinions.

For these reasons, Plaintiff's Motion for Reconsideration is DENIED.

## **ORDER**

THIS MATTER having been opened to the Court by Plaintiff's motion for reconsideration (ECF No. 57); and the Court having fully considered the submissions in support thereof, and any opposition thereto; and having considered the arguments of counsel; and for good cause shown;

IT IS on this 13 day of August, 2019,

**ORDERED** that Plaintiff's motion for reconsideration (ECF No. 57) is **DENIED**.

_____
PETER G. SHERIDAN, U.S.D.J.